UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LINDSEY WALSH,

            Civil Action No.: 22-cv-2728

      Plaintiff,      NOTICE OF REMOVAL

  -against-

LIFE TIME ATHLETIC, LTF CLUB OPERATIONS
COMPANY, INC. and LIFE TIME FITNESS, INC.,

      Defendants.
------------------------------------------------------------------------X

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:

  Defendants by and through their attorneys, Ahmuty, Demers & McManus, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby file this Notice of Removal of this civil action from the Supreme Court of the State of New York, Nassau County, to the United States District Court for the Eastern District of New York. The grounds for removal are as follows:

  1.  On or about September April 8 2022, the plaintiff Lindsey Walsh commenced an action against the defendants in the Supreme Court of the State of New York, Nassau County. The suit is identified in the Supreme Court as Lindsey Walsh v. Life Time Athletic, LTF Club Operations Company, Inc. and Life Time Fitness, Inc. bearing Index No. 604606/2022. See Summons and Verified Complaint, attached hereto as Exhibit "A".

  2.  Pursuant to the Affidavit of Service (Exhibit "B"), the plaintiff served defendant Life Time Athletic with a copy of the Summons and Verified Complaint on April 13, 2022. The filing of this Notice of Removal is timely because it is made within thirty days of the date on

which the defendants first received notice that this action is removable on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(a).

3. Based upon plaintiff's Summons and Verified Complaint, plaintiff is a resident of Nassau County, the State of New York. See Exhibit "A."

4. It is well established that a corporation is a citizen of the state in which it is incorporated and the state where its principal place of business or "nerve center" is located. See 28 U.S.C. § 1332(c)(1): Johnson v. SmithKline Beecham Corp., 853 F. Supp. 2d 487, 490 (E.D. Pa. 2012), affd, 724 F.3d 337 (3d Cir. 2013).

5. Initially, the first named defendant Life Time Athletic is not a formal entity and does not exist. The second and third named defendants LFT Club Operations Company, Inc. and Life Time, Inc. f/k/a Life Time Fitness, Inc. are Minnesota corporations with their principal place of business at 2902 Corporate PL, Chanhassen, Minnesota 55317 for purposes of 28 U.S.C. § 1332. Copies of the Business Details Records for LTF Club Operations Company, Inc. and Life Time, Inc. are attached hereto as Exhibit "C."

6. To date, defendants LTF Club Operations Company, Inc. and Life Time, Inc. have not been properly served with the Summons and Verified Complaint.

7. As demonstrated herein, complete diversity of citizenship exists between plaintiff and defendants. Accordingly, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) based on diversity of citizenship.

8. The removal statute now embodied in section 28 of the Judicial Code (U, S. Code, tit. 28, § 71 [28 USCA § 71]), providing for removal from the state court to the District Court, authorizes removal at the request of the defendant in all cases in which the District Court

has jurisdiction. See Tilly v, Nat'l City Bank of New York, 149 Misc, 519, 521, 267 N.Y.S. 667, 669 (Sup. Ct. 1933).

9. As the plaintiff is a resident of Nassau County in the State of New York, and the defendants LTF Club Operations Company, Inc. and Life Time, Inc. f/k/a Life Time Fitness, Inc. are incorporated in and their principal place of business is located in Minnesota, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a).

15. Pursuant to Rule 81.1 (b) of the Local Civil Rules of the United States District Court for the Eastern District of New York, the defendants have attached to this Notice of Removal a copy of all records and proceedings in the state court from which this case is to be removed. To date, only the Summons and Verified Complaint and Affidavit of Service have been filed. See Exhibits "A" and "B."

16. Pursuant to 28 U.S.C. § 1446(d), the defendants served a copy of this Notice of Removal upon counsel for plaintiff and has filed a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, Nassau County.

WHEREFORE, the defendants respectfully request that the action pending in the Supreme Court of the State of New York, Nassau County, bearing Index No. 604606/2022, be removed therefrom to this Court.

Dated: Albertson, New York
May 10, 2022

BY: _____
JANICE BERKOWITZ (JB-4489)
AHMUTY, DEMERS & McMANUS
Attorneys for Defendants
200 I.U. Willets Road
Albertson, New York 11507
(516) 294-5433
Our File No.: CVLTF029622FAC

TO:    ROSNER RUSSO SHAHABIAN PLLC
        Attorneys for Plaintiff
        398 Conklin Street
        Farmingdale, New York 11735
        (516)376-0000
        File No.: 2200009