Case 2:22-cv-02728-MKB-ARL Document 1-1 Filed 05/11/22 Page 1 of 22 PageID #: 5

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NASSAU**
-------------------------------------------------------------------X

LINDSEY WALSH

                          Plaintiff(s),


          -against-


LIFE TIME ATHLETIC, LFT CLUB OPERATIONS
COMPANY, INC. and LIFE TIME FITNESS, INC.

                          Defendant(s).

-------------------------------------------------------------------X

Index No.:
Date Purchased:
Plaintiff(s) designate(s)
NASSAU COUNTY
As the place of trial

The basis of the venue is:
Plaintiff's residence

*SUMMONS*
Plaintiff(s) reside(s) at
272 West Pulaski Road
Huntington Station, NY 11746


To the above named Defendant(s):


          You are hereby summoned to answer the complaint in this action and to serve a copy of
your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney(s) within (20) days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer; judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: Farmingdale, NY
          April 8, 2022



                                        Yours, etc.


                                        *Joshua P. Quinonez*
                                        **Joshua P. Quinonez, Esq.**
                                        **ROSNER RUSSO SHAHABIAN PLLC**
                                        *Attorneys for Plaintiff(s)*
                                        *Office & Post Office Address:*
                                        398 Conklin Street
                                        Farmingdale, NY 11735
                                        516-376-0000
                                        File #: 2200009

Case 2:22-cv-02728-MKB-ARL   Document 1-1   Filed 05/11/22   Page 2 of 22 PageID #: 6

Defendant(s) address:
**LIFE TIME ATHLETIC**
**750 ZECKENDORF BOULEVARD**
**GARDEN CITY, NY 11530**

**LIFE TIME FITNESS, INC.**
**VIA SECRETARY OF STATE**

**LFT CLUB OPERATIONS COMPANY, INC.**
**VIA SECRETARY OF STATE**

NOTICE: The nature of action is NEGLIGENCE. The relief sought is damages. Upon your failure to appear, judgment will be taken against you by default for the sum of $5,000,000.00 with interest from 04/01/2022 and the costs of this action.

Case 2:22-cv-02728-MKB-ARL    Document 1-1    Filed 05/11/22    Page 3 of 22 PageID #: 7

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NASSAU**
-------------------------------------------------------------------X

LINDSEY WALSH
                        Plaintiff(s),

        -against-

LIFE TIME ATHLETIC, LFT CLUB OPERATIONS
COMPANY, INC. and LIFE TIME FITNESS, INC.

                    Defendant(s).
-------------------------------------------------------------------X

**VERIFIED COMPLAINT**
Index #

Plaintiff(s), by their attorneys, **ROSNER RUSSO SHAHABIAN PLLC**, as and for a cause of action alleges upon information and belief as follows:

1. At all times hereinafter mentioned, plaintiff, LINDSEY WALSH was and still is a resident of the County of Suffolk and State of New York.

2. At all times herein mentioned, defendant, LIFE TIME ATHLETIC, was and still is a domestic business corporation duly existing under the and by virtue of the laws of the State of New York.

3. At all times herein mentioned, defendant, LIFE TIME ATHLETIC, was and still is a foreign business corporation duly existing under the and by virtue of the laws of the State of New York.

4. At all times herein mentioned, defendant, LIFE TIME ATHLETIC, was and still is a limited liability company duly existing under the and by virtue of the laws of the State of New York.

5. At all times herein mentioned, defendant, LIFE TIME ATHLETIC, was and still is licensed to do business in the State of New York.

6. At all times herein mentioned, defendant, LIFE TIME ATHLETIC, was and still is transacting business in the State of New York.

Case 2:22-cv-02728-MKB-ARL   Document 1-1   Filed 05/11/22   Page 4 of 22 PageID #: 8

7. At all times herein mentioned, defendant, LIFE TIME FITNESS, INC., was and still is a domestic business corporation duly existing under the and by virtue of the laws of the State of New York.

8. At all times herein mentioned, defendant, LIFE TIME FITNESS, INC., was and still is licensed to do business in the State of New York.

9. At all times herein mentioned, defendant, LIFE TIME FITNESS, INC., was and still is transacting business in the State of New York.

10. At all times herein mentioned, defendant, LFT CLUB OPERATIONS COMPANY, INC., was and still is a foreign business corporation duly existing under the and by virtue of the laws of the State of New York.

11. At all times herein mentioned, defendant, LFT CLUB OPERATIONS COMPANY, INC., was and still is licensed to do business in the State of New York.

12. At all times herein mentioned, defendant, LFT CLUB OPERATIONS COMPANY, INC., was and still is transacting business in the State of New York.

13. That this action falls within one or more of the exceptions as set forth in CPLR §1602 §1602(1), §1602(2), §1602(3), §1602(4), §1602(5), §1602(6), §1602(7), §1602(8), §1602(9), §1602(10), §1602(11), §1602(12) and §1603 of the State of New York.

### AS AND FOR A CAUSE OF ACTION AGAINST DEFENDANT LIFE TIME ATHLETIC

14. That on 04/01/2022, **LIFE TIME ATHLETIC**, was the owner of the premises known as, 750 Zeckendorf Blvd, Garden City, NY 11530 [hereinafter "premises"].

15. That on 04/01/2022, **LIFE TIME ATHLETIC**, was a tenant of the subject premises.

16. That on and before 04/01/2022, **LIFE TIME ATHLETIC**, managed the premises.

17. That on and before 04/01/2022, **LIFE TIME ATHLETIC**, operated the premises.

18. That on and before 04/01/2022, **LIFE TIME ATHLETIC**, maintained the premises.

19. That on and before 04/01/2022, **LIFE TIME ATHLETIC**, inspected the premises.

Case 2:22-cv-02728-MKB-ARL   Document 1-1   Filed 05/11/22   Page 5 of 22 PageID #: 9

20. That on and before 04/01/2022, **LIFE TIME ATHLETIC**, designed the premises.

21. That on and before 04/01/2022, **LIFE TIME ATHLETIC**, supervised the premises.

22. That on and before 04/01/2022, **LIFE TIME ATHLETIC**, controlled the premises.

23. That on 04/01/2022, plaintiff **LINDSEY WALSH**, was lawfully on the defendant's premises at the aforesaid location.

24. That on 04/01/2022, while plaintiff **LINDSEY WALSH**, taking part in defendant's "cycling class," she was involved in an accident and caused to sustain serious and permanent injuries.

25. The defendant, **LIFE TIME ATHLETIC**, and its agents, servants and employees, were negligent, careless and reckless in the negligent operation, maintenance, inspection, instruction, supervision and control of the "cycle classes" and equipment used thereat at **LIFE TIME ATHLETIC**; in causing and allowing a dangerous activity to arise and subsist; in failing to provide a safe place for its patrons; in failing to employ properly trained staff to supervise and monitor activities at **LIFE TIME ATHLETIC**; in failing to establish and require appropriate procedures for training, directing, teaching and/or assisting patrons when engaging in any type of physical activity or classes; in failing to otherwise train, supervise and/or require its staff to perform their duties in a reasonably and proper manner to ensure that no injury or harm falls upon their patrons; in failing to have agents, servants, employees and/or independent contractors properly trained, monitored and overseen in providing training services to customers of **LIFE TIME ATHLETIC**; in exercising improper and negligent supervision, training and instruction during the "cycling classes" at **LIFE TIME ATHLETIC**; in providing dangerous or defective equipment; in failing to supply, furnish, and equip the premises with safe and proper equipment and safety devices; in providing unsafe and defective "cycle class" equipment; in failing to adequately safeguard the plaintiff; permitted, encouraged, instigated plaintiff to use "spin class" equipment of dangerous and faulty condition, and to suffer, allow, permit, promote, instigate, dangerous, careless and unsafe conduct and activities, and to direct and urge the

Case 2:22-cv-02728-MKB-ARL Document 1-1 Filed 05/11/22 Page 6 of 22 PageID #: 10

class attendees, including this plaintiff to take part under the direction of incompetent, careless and negligent agents, volunteers, servants, assistants, staff, employees and/or independent contractors without any warning of danger therewith; failed to properly maintain and inspect the facilities, and in particular the "spin class" equipment, all of which the defendants had or should have had by reasonable inspection, notice and/or knowledge of; in that they failed to give the plaintiff a fair and reasonable opportunity to avoid and guard against the happening of the accident; in that the condition which brought about the happening of the accident existed for a long period of time before the happening of the accident, all of which the defendants, knew or should have known had they exercised reasonable care and due diligence, and made the proper and necessary inspections of the area; failed to maintain the "cycle class" equipment for its specific purpose per specific manufacturer guidelines; in failing to maintain a safe environment and premises; in allowing dangerous techniques and activities to occur in the "cycle class"; in failing to post any signs of warning; permitted and encouraged plaintiff to engage in a dangerous and hazardous exercise on and use of the "cycle class" equipment; in otherwise failing to warn the plaintiff of the dangerous conditions then and there existing, that defendants had or should have knowledge of including the "cycle class" equipment; in creating a nuisance; caused, suffered, allowed and/or permitted a trap to remain on the aforementioned premises; failed to demonstrate, teach, or give proper instructions to the plaintiff how to use the "cycle class" equipment without restriction as to the type of exercises or use and without any supervision or instruction as to the proper and safe manner in performing the exercises or use; in failing to property and adequately supervise the activities to which they provided for and created on the day of the accident; in failing to property train plaintiff; failed to exercise reasonably care, supervision and/or control to prevent injuries to plaintiff, in allowing "cycle class" attendees, including plaintiff to participate and engage in activities not within their abilities or skills; permitted and encouraged plaintiff, to try to perform, use or exercise on the "cycle class" equipment, whether or not it was within or

Case 2:22-cv-02728-MKB-ARL   Document 1-1   Filed 05/11/22   Page 7 of 22 PageID #: 11

beyond their ability and skill; in failing to adapt the "cycle class" equipment to plaintiff's skill level; in engaging plaintiff in a training activity above her skill level; in failing to warn plaintiff of the risks and dangers of the activity plaintiff was engaged in; in failing to properly train, supervise, hire, retain or terminate the "cycle class" instructors/trainers who were to provide for the safety and wellbeing of the exercise patrons, in particular the plaintiff; misrepresented the qualifications and credentials of their agents, servants, employees, instructors/trainers and/or independent contractors; in operating the class in an overcrowded space; in negligently providing equipment, in particular "cycle class" equipment for plaintiff to use without any proper instruction in their use and operation; failed to have anyone present with sufficient knowledge to see that "cycle class" equipment was being used properly or to first demonstrate or teach safe use so that plaintiff knew the proper and safe method to use the "cycle class" equipment; failed to enforce the rules, regulations, policies, procedures, standards and guidelines then and there existing governing the use of the "cycle class" equipment; failed to enact, adopt, promulgate, or enforce rules, regulations, policies, procedures, standards and guidelines as to use of the premises and all appurtenances thereto, including the "cycle class" equipment; failed to control by suitable rules, regulations, policies, procedures, standards and guidelines the operation of the premises, conduct of trainees, activities created, and the supervision of the visitors, attendees, invitees, individuals and participants thereat; failed to enforce the rules, regulations, policies, procedures, standards and guidelines then and there existing governing the use of the aforementioned "cycle class" equipment; in pushing plaintiff beyond her physical capabilities; in failing to warn the plaintiff of the risks; in failing to obtain informed consent; in failing to provide properly trained and qualified instructors; in breaching its duty to employ instructors who were able to perform their responsibilities with reasonably care; in subjecting said plaintiff to unnecessary and unusual hazards and risks; in failing to provide the plaintiff with a safe means to perform the activities of the "cycle class"; in

Case 2:22-cv-02728-MKB-ARL Document 1-1 Filed 05/11/22 Page 8 of 22 PageID #: 12

subjecting said plaintiff to unnecessary and unusual hazards and risks; in failing to provide the plaintiff with a safe means to her to perform the necessary activities during the "cycle class"; in failing to properly supervise the plaintiff; in failing to properly instruct the plaintiff; in failing to properly assist the plaintiff; in failing to provide proper equipment; in the negligent hiring and training of instructors and in that they were otherwise generally careless, reckless and negligent of which were the proximate causes of the plaintiffs injury; without any negligence on the part of plaintiff contributing thereto, thus allowing the aforesaid incident to occur.

26. As a result of the carelessness and negligence of the defendants as aforesaid plaintiff, that said accident and the injuries to resulting therefrom, were caused solely by the negligence of the **LIFE TIME ATHLETIC** and without any negligence on the part of this plaintiff contributing thereto.

27. That by reason of the negligence and carelessness of **LIFE TIME ATHLETIC**, plaintiff, **LINDSEY WALSH**, became sick, sore, lame and disabled, suffered severe pain and received medical, hospital and nursing services and said plaintiff was otherwise injured all to her damage in a sum that exceeds the jurisdictional.

28. That by reason of the foregoing, plaintiff, became sick, sore, lame and disabled, suffered severe pain and received medical, hospital and nursing services and said plaintiff was otherwise injured all to her damage in an amount exceeding the Jurisdictional Limits of all lower courts.

29. That defendant had both actual and constructive notice of the said defective and dangerous conditions, and actually created same.

Case 2:22-cv-02728-MKB-ARL   Document 1-1   Filed 05/11/22   Page 9 of 22 PageID #: 13

## AS AND FOR A CAUSE OF ACTION AGAINST DEFENDANT
## LIFE TIME FITNESS, INC.

30. That on 04/01/2022, **LIFE TIME FITNESS, INC.**, was the owner of the premises known as, 750 Zeckendorf Blvd, Garden City, NY 11530 [hereinafter "premises"].

31. That on 04/01/2022, **LIFE TIME FITNESS, INC.**, was a tenant of the subject premises.

32. That on and before 04/01/2022, **LIFE TIME FITNESS, INC.**, managed the premises.

33. That on and before 04/01/2022, **LIFE TIME FITNESS, INC.**, operated the premises.

34. That on and before 04/01/2022, **LIFE TIME FITNESS, INC.**, maintained the premises.

35. That on and before 04/01/2022, **LIFE TIME FITNESS, INC.**, inspected the premises.

36. That on and before 04/01/2022, **LIFE TIME FITNESS, INC.**, designed the premises.

37. That on and before 04/01/2022, **LIFE TIME FITNESS, INC.**, supervised the premises.

38. That on and before 04/01/2022, **LIFE TIME FITNESS, INC.**, controlled the premises.

39. That on 04/01/2022, plaintiff **LINDSEY WALSH**, was lawfully on the defendant's premises at the aforesaid location.

40. That on 04/01/2022, while plaintiff **LINDSEY WALSH**, taking part in defendant's "cycling class," she was involved in an accident and caused to sustain serious and permanent injuries.

41. The defendant, **LIFE TIME FITNESS, INC.**, and its agents, servants and employees, were negligent, careless and reckless in the negligent operation, maintenance, inspection, instruction, supervision and control of the "cycle classes" and equipment used thereat at **LIFE TIME FITNESS, INC.**; in causing and allowing a dangerous activity to arise and subsist; in failing to provide a safe place for its patrons; in failing to employ properly trained staff to supervise and monitor activities at **LIFE TIME FITNESS, INC.**; in failing to establish and require appropriate procedures for training, directing, teaching and/or assisting patrons when engaging in any type of physical activity or classes; in failing to otherwise train, supervise and/or require its staff to perform their duties in a reasonably and proper manner to ensure that no injury or harm falls upon their patrons; in failing to have

agents, servants, employees and/or independent contractors properly trained, monitored and overseen in providing training services to customers of **LIFE TIME FITNESS, INC.**; in exercising improper and negligent supervision, training and instruction during the "cycling classes" at **LIFE TIME FITNESS, INC.**; in providing dangerous or defective equipment; in failing to supply, furnish, and equip the premises with safe and proper equipment and safety devices; in providing unsafe and defective "cycle class" equipment; in failing to adequately safeguard the plaintiff; permitted, encouraged, instigated plaintiff to use "spin class" equipment of dangerous and faulty condition, and to suffer, allow, permit, promote, instigate, dangerous, careless and unsafe conduct and activities, and to direct and urge the class attendees, including this plaintiff to take part under the direction of incompetent, careless and negligent agents, volunteers, servants, assistants, staff, employees and/or independent contractors without any warning of danger therewith; failed to properly maintain and inspect the facilities, and in particular the "spin class" equipment, all of which the defendants had or should have had by reasonable inspection, notice and/or knowledge of; in that they failed to give the plaintiff a fair and reasonable opportunity to avoid and guard against the happening of the accident; in that the condition which brought about the happening of the accident existed for a long period of time before the happening of the accident, all of which the defendants, knew or should have known had they exercised reasonable care and due diligence, and made the proper and necessary inspections of the area; failed to maintain the "cycle class" equipment for its specific purpose per specific manufacturer guidelines; in failing to maintain a safe environment and premises; in allowing dangerous techniques and activities to occur in the "cycle class"; in failing to post any signs of warning; permitted and encouraged plaintiff to engage in a dangerous and hazardous exercise on and use of the "cycle class" equipment; in otherwise failing to warn the plaintiff of the dangerous conditions then and there existing, that defendants had or should have knowledge of including the "cycle class" equipment; in creating a nuisance; caused, suffered, allowed and/or permitted a trap to remain on the aforementioned

premises; failed to demonstrate, teach, or give proper instructions to the plaintiff how to use the "cycle class" equipment without restriction as to the type of exercises or use and without any supervision or instruction as to the proper and safe manner in performing the exercises or use; in failing to property and adequately supervise the activities to which they provided for and created on the day of the accident; in failing to property train plaintiff; failed to exercise reasonably care, supervision and/or control to prevent injuries to plaintiff, in allowing "cycle class" attendees, including plaintiff to participate and engage in activities not within their abilities or skills; permitted and encouraged plaintiff, to try to perform, use or exercise on the "cycle class" equipment, whether or not it was within or beyond their ability and skill; in failing to adapt the "cycle class" equipment to plaintiff's skill level; in engaging plaintiff in a training activity above her skill level; in failing to warn plaintiff of the risks and dangers of the activity plaintiff was engaged in; in failing to properly train, supervise, hire, retain or terminate the cycle class" instructors/trainers who were to provide for the safety and wellbeing of the exercise patrons, in particular the plaintiff; misrepresented the qualifications and credentials of their agents, servants, employees, instructors/trainers and/or independent contractors; in operating the class in an overcrowded space; in negligently providing equipment, in particular "cycle class" equipment for plaintiff to use without any proper instruction in their use and operation; failed to have anyone present with sufficient knowledge to see that "cycle class" equipment was being used properly or to first demonstrate or teach safe use so that plaintiff knew the proper and safe method to use the "cycle class" equipment; failed to enforce the rules, regulations, policies, procedures, standards and guidelines then and there existing governing the use of the "cycle class" equipment; failed to enact, adopt, promulgate, or enforce rules, regulations, policies, procedures, standards and guidelines as to use of the premises and all appurtenances thereto, including the "cycle class" equipment; failed to control by suitable rules, regulations, policies, procedures, standards and guidelines the operation of the premises,

Case 2:22-cv-02728-MKB-ARL Document 1-1 Filed 05/11/22 Page 12 of 22 PageID #: 16

conduct of trainees, activities created, and the supervision of the visitors, attendees, invitees, individuals and participants thereat; failed to enforce the rules, regulations, policies, procedures, standards and guidelines then and there existing governing the use of the aforementioned "cycle class" equipment; in pushing plaintiff beyond her physical capabilities; in failing to warn the plaintiff of the risks; in failing to obtain informed consent; in failing to provide properly trained and qualified instructors; in breaching its duty to employ instructors who were able to perform their responsibilities with reasonably care; in subjecting said plaintiff to unnecessary and unusual hazards and risks; in failing to provide the plaintiff with a safe means to perform the activities of the "cycle class"; in subjecting said plaintiff to unnecessary and unusual hazards and risks; in failing to provide the plaintiff with a safe means to her to perform the necessary activities during the "cycle class"; in failing to properly supervise the plaintiff; in failing to properly instruct the plaintiff; in failing to properly assist the plaintiff; in failing to provide proper equipment; in the negligent hiring and training of instructors and in that they were otherwise generally careless, reckless and negligent of which were the proximate causes of the plaintiffs injury; without any negligence on the part of plaintiff contributing thereto, thus allowing the aforesaid incident to occur.

42. As a result of the carelessness and negligence of the defendants as aforesaid plaintiff, that said accident and the injuries to resulting therefrom, were caused solely by the negligence of the **LIFE TIME FITNESS, INC.** and without any negligence on the part of this plaintiff contributing thereto.

43. That by reason of the negligence and carelessness of **LIFE TIME FITNESS, INC.**, plaintiff, **LINDSEY WALSH**, became sick, sore, lame and disabled, suffered severe pain and received medical, hospital and nursing services and said plaintiff was otherwise injured all to her damage in a sum that exceeds the jurisdictional.

44. That by reason of the foregoing, plaintiff, became sick, sore, lame and disabled, suffered severe pain and received medical, hospital and nursing services and said plaintiff was

Case 2:22-cv-02728-MKB-ARL Document 1-1 Filed 05/11/22 Page 13 of 22 PageID #: 17

otherwise injured all to her damage in an amount exceeding the Jurisdictional Limits of all lower courts.

45. That defendant had both actual and constructive notice of the said defective and dangerous conditions, and actually created same.

**AS AND FOR A CAUSE OF ACTION AGAINST DEFENDANT
LFT CLUB OPERATIONS COMPANY, INC.**

46. That on 04/01/2022, **LFT CLUB OPERATIONS COMPANY, INC.**, was the owner of the premises known as, 750 Zeckendorf Blvd, Garden City, NY 11530 [hereinafter "premises"].

47. That on 04/01/2022, **LFT CLUB OPERATIONS COMPANY, INC.**, was a tenant of the subject premises.

48. That on and before 04/01/2022, **LFT CLUB OPERATIONS COMPANY, INC.**, managed the premises.

49. That on and before 04/01/2022, **LFT CLUB OPERATIONS COMPANY, INC.**, operated the premises.

50. That on and before 04/01/2022, **LFT CLUB OPERATIONS COMPANY, INC.**, maintained the premises.

51. That on and before 04/01/2022, **LFT CLUB OPERATIONS COMPANY, INC.**, inspected the premises.

52. That on and before 04/01/2022, **LFT CLUB OPERATIONS COMPANY, INC.**, designed the premises.

53. That on and before 04/01/2022, **LFT CLUB OPERATIONS COMPANY, INC.**, supervised the premises.

54. That on and before 04/01/2022, **LFT CLUB OPERATIONS COMPANY, INC.**, controlled the premises.

55. That on 04/01/2022, plaintiff **LINDSEY WALSH**, was lawfully on the defendant's premises at the aforesaid location.

56. That on 04/01/2022, while plaintiff **LINDSEY WALSH**, taking part in defendant's "cycling class," she was involved in an accident and caused to sustain serious and permanent injuries.

57. The defendant, **LFT CLUB OPERATIONS COMPANY, INC.**, and its agents, servants and employees, were negligent, careless and reckless in the negligent operation, maintenance, inspection, instruction, supervision and control of the "cycle classes" and equipment used thereat at **LFT CLUB OPERATIONS COMPANY, INC.**; in causing and allowing a dangerous activity to arise and subsist; in failing to provide a safe place for its patrons; in failing to employ properly trained staff to supervise and monitor activities at **LFT CLUB OPERATIONS COMPANY, INC.**; in failing to establish and require appropriate procedures for training, directing, teaching and/or assisting patrons when engaging in any type of physical activity or classes; in failing to otherwise train, supervise and/or require its staff to perform their duties in a reasonably and proper manner to ensure that no injury or harm falls upon their patrons; in failing to have agents, servants, employees and/or independent contractors properly trained, monitored and overseen in providing training services to customers of **LFT CLUB OPERATIONS COMPANY, INC.**; in exercising improper and negligent supervision, training and instruction during the "cycling classes" at **LFT CLUB OPERATIONS COMPANY, INC.**; in providing dangerous or defective equipment; in failing to supply, furnish, and equip the premises with safe and proper equipment and safety devices; in providing unsafe and defective "cycle class" equipment; in failing to adequately safeguard the plaintiff; permitted, encouraged, instigated plaintiff to use "spin class" equipment of dangerous and faulty condition, and to suffer, allow, permit, promote, instigate, dangerous, careless and unsafe conduct and activities, and to direct and urge the class attendees, including this plaintiff to take part under the direction of incompetent, careless and negligent agents, volunteers,

servants, assistants, staff, employees and/or independent contractors without any warning of danger therewith; failed to properly maintain and inspect the facilities, and in particular the "spin class" equipment, all of which the defendants had or should have had by reasonable inspection, notice and/or knowledge of; in that they failed to give the plaintiff a fair and reasonable opportunity to avoid and guard against the happening of the accident; in that the condition which brought about the happening of the accident existed for a long period of time before the happening of the accident, all of which the defendants, knew or should have known had they exercised reasonable care and due diligence, and made the proper and necessary inspections of the area; failed to maintain the "cycle class" equipment for its specific purpose per specific manufacturer guidelines; in failing to maintain a safe environment and premises; in allowing dangerous techniques and activities to occur in the "cycle class"; in failing to post any signs of warning; permitted and encouraged plaintiff to engage in a dangerous and hazardous exercise on and use of the "cycle class" equipment; in otherwise failing to warn the plaintiff of the dangerous conditions then and there existing, that defendants had or should have knowledge of including the "cycle class" equipment; in creating a nuisance; caused, suffered, allowed and/or permitted a trap to remain on the aforementioned premises; failed to demonstrate, teach, or give proper instructions to the plaintiff how to use the "cycle class" equipment without restriction as to the type of exercises or use and without any supervision or instruction as to the proper and safe manner in performing the exercises or use; in failing to property and adequately supervise the activities to which they provided for and created on the day of the accident; in failing to property train plaintiff; failed to exercise reasonably care, supervision and/or control to prevent injuries to plaintiff, in allowing "cycle class" attendees, including plaintiff to participate and engage in activities not within their abilities or skills; permitted and encouraged plaintiff, to try to perform, use or exercise on the "cycle class" equipment, whether or not it was within or beyond their ability and skill; in failing to adapt the "cycle class" equipment to plaintiff's skill level; in engaging plaintiff in a training activity above

her skill level; in failing to warn plaintiff of the risks and dangers of the activity plaintiff was engaged in; in failing to properly train, supervise, hire, retain or terminate the "cycle class" instructors/trainers who were to provide for the safety and wellbeing of the exercise patrons, in particular the plaintiff; misrepresented the qualifications and credentials of their agents, servants, employees, instructors/trainers and/or independent contractors; in operating the class in an overcrowded space; in negligently providing equipment, in particular "cycle class" equipment for plaintiff to use without any proper instruction in their use and operation; failed to have anyone present with sufficient knowledge to see that "cycle class" equipment was being used properly or to first demonstrate or teach safe use so that plaintiff knew the proper and safe method to use the "cycle class" equipment; failed to enforce the rules, regulations, policies, procedures, standards and guidelines then and there existing governing the use of the "cycle class" equipment; failed to enact, adopt, promulgate, or enforce rules, regulations, policies, procedures, standards and guidelines as to use of the premises and all appurtenances thereto, including the "cycle class" equipment; failed to control by suitable rules, regulations, policies, procedures, standards and guidelines the operation of the premises, conduct of trainees, activities created, and the supervision of the visitors, attendees, invitees, individuals and participants thereat; failed to enforce the rules, regulations, policies, procedures, standards and guidelines then and there existing governing the use of the aforementioned "cycle class" equipment; in pushing plaintiff beyond her physical capabilities; in failing to warn the plaintiff of the risks; in failing to obtain informed consent; in failing to provide properly trained and qualified instructors; in breaching its duty to employ instructors who were able to perform their responsibilities with reasonably care; in subjecting said plaintiff to unnecessary and unusual hazards and risks; in failing to provide the plaintiff with a safe means to perform the activities of the "cycle class"; in subjecting said plaintiff to unnecessary and unusual hazards and risks; in failing to provide the plaintiff with a safe means to her to perform the necessary activities during the "cycle

class"; in failing to properly supervise the plaintiff; in failing to properly instruct the plaintiff; in failing to properly assist the plaintiff; in failing to provide proper equipment; in the negligent hiring and training of instructors and in that they were otherwise generally careless, reckless and negligent of which were the proximate causes of the plaintiffs injury; without any negligence on the part of plaintiff contributing thereto, thus allowing the aforesaid incident to occur.

58. As a result of the carelessness and negligence of the defendants as aforesaid plaintiff, that said accident and the injuries to resulting therefrom, were caused solely by the negligence of the **LFT CLUB OPERATIONS COMPANY, INC.** and without any negligence on the part of this plaintiff contributing thereto.

59. That by reason of the negligence and carelessness of **LFT CLUB OPERATIONS COMPANY, INC.**, plaintiff, **LINDSEY WALSH**, became sick, sore, lame and disabled, suffered severe pain and received medical, hospital and nursing services and said plaintiff was otherwise injured all to her damage in a sum that exceeds the jurisdictional.

60. That by reason of the foregoing, plaintiff, became sick, sore, lame and disabled, suffered severe pain and received medical, hospital and nursing services and said plaintiff was otherwise injured all to her damage in an amount exceeding the Jurisdictional Limits of all lower courts.

61. That defendant had both actual and constructive notice of the said defective and dangerous conditions, and actually created same.

WHEREFORE, plaintiff(s) demand judgment against the defendants in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with costs and disbursements of this action.

Dated: Farmingdale, NY
April 8, 2022

Yours, etc.

*Joshua P. Quinonez*

**Joshua P. Quinonez, Esq.**
**ROSNER RUSSO SHAHABIAN PLLC**
*Attorneys for Plaintiff(s)*
*Office & Post Office Address:*
398 Conklin Street
Farmingdale, NY 11735
516-376-0000
File #: 2200053

## **VERIFICATION**

I, **JOSHUA P. QUINONEZ, ESQ.**, the undersigned, am an attorney admitted to

practice in the Courts of New York State, and say that:

I am the attorney of record, for plaintiff(s)**, LINDSEY WALSH** have read the annexed

plaintiff's SUMMONS AND VERIFIED COMPLAINT, know the contents thereof and the same

are true to my knowledge, except those matters therein which are stated to be alleged on

information and belief, and as to those matters I believe them to be true. My belief, as to those

matters therein not stated upon knowledge, is based upon the following:

Books, papers, records in possession.

I affirm that the following statements are true under penalties of perjury.

*Joshua P. Quinonez*

**JOSHUA P. QUINONEZ, ESQ.**

Dated: Farmingdale, NY
       April 8, 2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------X
LINDSEY WALSH                                          Index No.:

                Plaintiff(s),

      -against-

LIFE TIME ATHLETIC, LFT CLUB OPERATIONS
COMPANY, INC. and LIFE TIME FITNESS, INC.

               Defendant(s).

-----------------------------------------------------------------X


**NOTICE OF**
**ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)


**You have received this Notice because**:

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the
New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.


- **If you are represented by an attorney:**
Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).


- **If you are not represented by an attorney:**
**You will be served with all documents in paper and you must serve and file your
documents in paper, unless you choose to participate in e-filing.**

**If you choose to participate in e-filing, you <u>must</u> have access to a computer and a
scanner or other device to convert documents into electronic format, a connection
to the internet, and an e-mail address to receive service of documents.**


The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

Case 2:22-cv-02728-MKB-ARL   Document 1-1   Filed 05/11/22   Page 21 of 22 PageID #: 25

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

Case 2:22-cv-02728-MKB-ARL Document 1-1 Filed 05/11/22 Page 22 of 22 PageID #: 26

**Information for Attorneys**
**(E-filing is Mandatory for**
**Attorneys)**

An attorney representing a party who is served with this notice must either:

1. immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or
2. file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: Farmingdale, NY
April 8, 2022

Yours, etc.

*Joshua P. Quinonez*
**Joshua P. Quinonez, Esq.**
**ROSNER RUSSO SHAHABIAN PLLC**
*Attorneys for Plaintiff(s)*
*Office & Post Office Address:*
398 Conklin Street
Farmingdale, NY 11735
516-376-0000
File #: 2200053

TO:

**LIFE TIME ATHLETIC**
**750 ZECKENDORF BOULEVARD**
**GARDEN CITY, NY 11530**

**LIFE TIME FITNESS, INC.**
**VIA SECRETARY OF STATE**

**LFT CLUB OPERATIONS COMPANY, INC.**
**VIA SECRETARY OF STATE**