UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

LINDSEY WALSH,

                        Plaintiff,                        **MEMORANDUM & ORDER**
                                                                        22-CV-2728 (MKB)

            v.

LIFE TIME ATHLETIC, LTF CLUB
OPERATIONS COMPANY, INC., and LIFE TIME
FITNESS, INC.,

                        Defendants.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Lindsey Walsh commenced the above-captioned action on April 8, 2022, in the New York Supreme Court, Nassau County (the "State Court"), against Defendants Life Time Athletic, LTF Club Operations Company, Inc., and Life Time Fitness, Inc. to recover for personal injuries she allegedly sustained while taking part in a "cycle class" on Defendants' premises on April 1, 2022. (Notice of Removal ¶ 1, Docket Entry No. 1. *See generally* Summons and Verified Compl. ("Compl."), annexed to Notice of Removal as Ex. A, Docket Entry No. 1-1.) On May 11, 2022, Defendants removed the action to the Eastern District of New York based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. (Notice of Removal.) On May 16, 2022, Plaintiff requested a pre-motion conference ("PMC") for her anticipated motion to remand the action to the State Court or, in the alternative, that the Court *sua sponte* remand the case for lack of subject matter jurisdiction. (Pl.'s PMC Letter 1, Docket Entry No. 7.) Plaintiff argues that Defendants failed to establish that the amount in controversy exceeds $75,000 and failed to comply with procedural requirements for removal. (*Id.* at 1–2.) Defendants oppose Plaintiff's letter. (Defs.' PMC Opp'n, Docket Entry No. 9.)

For the reasons set forth below, the Court *sua sponte* remands the action to the State Court for lack of subject matter jurisdiction.

I. **Discussion**

   a. **Standard of review**

A notice of removal must allege a proper basis for removal under 28 U.S.C. §§ 1441–1445. *See Agyin v. Razmzan*, 986 F.3d 168, 181 (2d Cir. 2021) ("[In] determining whether jurisdiction is proper, we look only to the jurisdictional facts alleged in the [n]otices of [r]emoval." (quoting *California v. Atl. Richfield Co. (In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.)*, 488 F.3d 112, 124 (2d Cir. 2007))); *New York v. Dickerson*, No. 20-CR-208, 2020 WL 3263771, at *1 (E.D.N.Y. June 16, 2020) ("An effective petition for the removal of a state action to federal court must allege a proper basis for the removal under sections 1441 through 1445 of Title 28." (quoting *Negron v. New York*, No. 02-CV-1688, 2002 WL 1268001, at *1 (E.D.N.Y. Apr. 1, 2002))). A defendant may remove from a state court to a federal court "any civil action . . . of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." *Id.* § 1332(a); *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011) ("To remove a case based on diversity jurisdiction, the diverse defendant must aver that all of the requirements of diversity jurisdiction have been met." (citing 28 U.S.C. § 1446(a))).

"In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (quoting *Somlyo v. J.*

*Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991), *superseded by rule on other grounds as recognized by Contino v. United States*, 535 F.3d 124, 127 (2d Cir. 2008) (per curiam)); *see also Keene Corp. v. United States*, 508 U.S. 200, 207 (1993). "Although there is a presumption that the court has jurisdiction when the matter is brought in federal court in the first instance, '[a] defendant removing a case to federal court encounters instead the general principle that removal is disfavored and remand favored.'" *Utica Mut. Ins. Co. v. Am. Re-Ins. Co.*, No. 14-CV-1558, 2015 WL 1897155, at *3 (N.D.N.Y. Apr. 27, 2015) (alteration in original) (quoting *Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 296–97 (E.D.N.Y. 2005)); *see also Lupo v. Hum. Affs., Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) ("The right to remove a state court action to federal court on diversity grounds is statutory, and must therefore be invoked in strict conformity with statutory requirements." (citation omitted) (quoting *Somlyo*, 932 F.2d at 1045–46)).

The party seeking removal bears the burden of proving that the jurisdictional and procedural requirements have been met. *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017) ("[T]he party seeking removal and asserting federal jurisdiction[] bears the burden of demonstrating that the district court has original jurisdiction."); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction.").

> **b.  The Court lacks subject matter jurisdiction because Defendants have failed to establish that the amount in controversy exceeds $75,000**

Plaintiff argues that the Court must remand the action to the State Court for lack of subject matter jurisdiction because Defendants (1) "failed to meet their burden to show that the jurisdictional amount required for diversity jurisdiction has been satisfied," as "both the [C]omplaint and [N]otice of [R]emoval lack any factual allegation indicating the value of the

3

underlying claim," and (2) "failed to comply with the requirements for removal," as they filed their Notice of Removal in state court prior to filing it in federal court and their state court filing "did not include a civil docket number or the exhibits annexed to their [N]otice [of Removal] filed in federal court." (Pl.'s PMC Letter 2.)

Defendants argue that their removal of the action is "at worst . . . premature." (Defs.' PMC Opp'n 1.) Relying on this Court's decision in *Perez v. Sodexo, Inc.*, No. 20-CV-4176, 2021 WL 2333640 (E.D.N.Y. June 7, 2021), they explain that they intend to demand, pursuant to New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") § 3017(c), that Plaintiff set forth the total amount of damages, and that the "removal clock does not start to run until the plaintiff serves a response to the 3017(c) demand." (*Id.*) Defendants concede that the Notice of Removal "was incorrectly filed first in state court" but maintain that this "minor technicality can be easily corrected promptly." (*Id.* at 2.)

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a)." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. ---, ---, 139 S. Ct. 1743, 1746 (May 28, 2019) (alteration in original). Under the diversity jurisdiction statute, all plaintiffs and all defendants must be of diverse citizenship. 28 U.S.C. § 1332(a); *see also Bartlett v. Honeywell Int'l Inc.*, 737 F. App'x 543, 547 (2d Cir. 2018) ("Diversity jurisdiction is present when there is complete diversity between the parties . . . ." (citing 28 U.S.C. § 1332(a))); *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–

4

18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' *i.e.*[,] all plaintiffs must be citizens of states diverse from those of all defendants." (footnote omitted) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005))). In addition, "[f]ederal diversity jurisdiction requires an amount in controversy of at least $75,000 . . . [and] this amount is measured as of the time that a complaint is filed," *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 154–55 (D. Conn. 2016) (first citing 28 U.S.C. § 1332(a); and then citing *Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 506 (2d Cir. 2005)), "and it is established by the face of the complaint and the dollar amount actually claimed," *id.* at 155 (first citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); and then citing *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003)); *see also Hall*, 396 F.3d at 506 (noting that "[g]enerally, for purposes of diversity jurisdiction, the amount in controversy is established as of the date of the complaint and is not reevaluated based on post-filing events"). "[T]he party asserting subject matter jurisdiction[] has the burden of proving that it exists by a preponderance of the evidence." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 443 (2d Cir. 2019) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Sec. Plans Inc. v. CUNA Mut. Ins. Soc'y*, 769 F.3d 807, 814 n.5 (2d Cir. 2014) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." (quoting *Scherer*, 347 F.3d at 397)); *see also Kruglov v. Copart of Conn., Inc.*, 771 F. App'x 117, 118 (2d Cir. 2019) (same). The amount in controversy must be non-speculative in order to satisfy the statute, and conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient. *See Valente v. Garrison from Harrison LLC*, No. 15-CV-6522, 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) ("[B]oilerplate pleadings do not

5

suffice to establish that [an] action involves an amount in controversy adequate to support federal diversity jurisdiction.").

Where removal is sought on the basis of the court's diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that . . . the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . does not permit demand for a specific sum." 28 U.S.C. § 1446(c)(2)(A). The notice of removal must be filed "within [thirty] days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). Because New York law provides that, in personal injury actions, "the complaint . . . shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled," N.Y. C.P.L.R. § 3017(c), "the removal clock [in such cases] does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought,"[1] *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (per curiam); *Johnson v. Home Depot U.S.A., Inc.*, No. 19-CV-3476, 2019 WL 5287969, at *2 (E.D.N.Y. Oct. 18, 2019) ("It is well-settled that the Second Circuit has directed use of a 'bright line rule' that the [thirty]-day 'removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the

---

[1] N.Y. C.P.L.R. § 3017 states in relevant part:
> "[A] party against whom an action to recover damages for personal injuries or wrongful death is brought[] may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled.  A supplemental demand shall be provided by the party bringing the action within fifteen days of the request.  In the event the supplemental demand is not served within fifteen days, the court, on motion, may order that it be served.

N.Y. C.P.L.R. § 3017(c).

6

amount of monetary damages sought.'" (quoting *Moltner*, 624 F.3d at 38)). In addition, "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo*, 28 F.3d at 273–74; *see also* 28 U.S.C. § 1446(c)(2)(B).

The Court lacks subject matter jurisdiction and therefore remands the action to the State Court because Defendants failed to establish the amount in controversy. As Defendants concede, the Complaint "does not specify a definite amount of damages." (Defs.' PMC Opp'n 1. *See generally* Compl.) Nor does the Notice of Removal specify an amount of damages or mention the amount in controversy requirement. (*See generally* Notice of Removal.) Defendants further concede that they removed the action prior to requesting the amount of damages pursuant to N.Y. C.P.L.R. § 3017(c) and receiving a paper from Plaintiff explicitly specifying the amount in controversy and that there is no "other paper" setting forth the amount in controversy in the publicly available record of the State Court proceeding. (Defs.' PMC Opp'n 1; Notice of Removal ¶ 15); *see Justino v. Wal-Mart Stores, Inc.*, No. 21-CV-2130, 2021 WL 961764, at *2 (S.D.N.Y. Mar. 15, 2021) (noting that "no 'other paper' has been proffered" and "the publicly-available electronic docket in the state court proceeding . . . is similarly devoid of any written indication of the amount in controversy"). Therefore, Defendants' removal of this case was premature, and the Court remands it for lack of subject matter jurisdiction due to Defendants'

7

failure to establish that the amount in controversy exceeds $75,000. *See, e.g.*, *Brumfield v. Merck & Co.*, No. 17-CV-6526, 2018 WL 1955216, at *4 (E.D.N.Y. Apr. 25, 2018) ("[F]ollowing *Moltner*, courts in this district have correctly remanded cases with similar pleadings (which lacked a definite amount and simply contained the N.Y. C.P.L.R. § 3017(c) jurisdictional clause) for failure to establish diversity jurisdiction. . . . [T]hese courts not only noted that removal was premature, but also specifically advised that the defendants should have availed themselves of the N.Y. C.P.L.R. § 3017(c) procedures to ascertain the jurisdictional amount in controversy prior to removal." (citations omitted)); *see also, e.g.*, *Justino*, 2021 WL 961764, at *2 (finding removal improper where there was "no indication . . . of any written response by [the plaintiff] to any discovery demands, and no 'other paper' ha[d] been proffered" and thus "the only allegations about the amount in controversy [were the plaintiff's] generalized allegations of damages and [the defendant's] insistence that such damages must exceed $75,000"); *Cavaleri v. Amgen, Inc.*, 20-CV-1762, 2021 WL 878555, at *2 (E.D.N.Y. Mar. 8, 2021) (finding same and collecting cases); *Yonkosky v. Hicks*, 409 F. Supp. 2d 149, 156 (W.D.N.Y. 2005) (collecting pre-*Moltner* cases).

## II. Conclusion

For the reasons stated above, the Court remands the action to the State Court for lack of subject matter jurisdiction. The Clerk of Court is respectfully directed to send a certified copy of this Order to the Clerk of the New York Supreme Court, Nassau County, and to close this case.

Dated: May 23, 2022
      Brooklyn, New York

SO ORDERED:

s/ MKB

MARGO K. BRODIE
United States District Judge